IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MITCHELL KIETH COLLINS,** | ) | CASE NO. 7:14CV00507 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **VIRGINIA DEPARTMENT** | ) | |
| **OF CORRECTIONS, *ET AL.*,** | ) | By: Norman K. Moon |
| | ) | United States District Judge |
| **Defendant(s).** | ) | |

Mitchell Kieth Collins, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 against the Virginia Department of Corrections ("VDOC") and its director, demanding to be transferred from a local jail to a VDOC facility with greater privileges. "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" and "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." 28 U.S.C. § 1915A(a)-(b)(1). Upon review of Collins' complaint, I conclude that he has no legal basis for a § 1983 claim against the defendants and, therefore, I will dismiss this case without prejudice.

Collins alleges that although he was sentenced to serve his time in a VDOC facility, he has been confined in the New River Valley Regional Jail longer than "the specified allowed time limit." Pl.'s Compl. 2. He contends that this detention is discriminatory, because he does not have the same opportunity as VDOC inmates do to participate in rehabilitative and educational programs, enjoy contact visits, and access quality medical care. As relief, Collins demands a transfer to a VDOC facility and monetary damages.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). It is well settled that a state cannot be sued under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). This rule also applies to "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id*. at 70. Because the VDOC is properly considered an arm of the Commonwealth, it cannot be sued under § 1983. *Id*. Accordingly, I will dismiss this action against the VDOC.[1]

For the stated reasons, Collins' claim that he has a federally protected right to be transferred to a VDOC prison has no legal basis, and I will dismiss his complaint accordingly under § 1915A(b)(1) as frivolous.

ENTER: This 15th day of April, 2015.

Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] In any event, Collins' claim is legally frivolous. An inmate has no constitutional right to be assigned to any one prison facility over another, even when the conditions in one facility are more favorable than in other facilities. *Meachum v. Fano*, 427 U.S. 215, 223-224 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 (1976).